**Arthur J. HERMAN, Plaintiff-Appellant,**

v.

**O. E. SATTER, M.D., and Prairie du Chien General Hospital, a corporation, Defendants-Appellees.**

**No. 15640.**

United States Court of Appeals Seventh Circuit.

Oct. 14, 1966.

William P. Skemp, Thomas H. Skemp, Quincy H. Hale, La Crosse, Wis., for appellant.

Richard A. Hollern, D. V. W. Beckwith, Madison, Wis., for appellees.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Arthur J. Herman, plaintiff-appellant, appeals from a judgment of the district court in favor of defendant O. E. Satter, M.D., based on a verdict of a jury.[1]

Plaintiff sued to recover for injuries alleged to have resulted from defendant's treatment of a tumor on his arm on March 6, 1961.

The jury specially found that defendant was not negligent with respect to the medical care which he rendered or failed to render plaintiff, which was the basis of the action herein.

According to plaintiff's version, defendant, a physician, without taking precautions against infection of plaintiff's arm, injected a hypodermic needle therein and, without proper preparation of his arm, made an incision therein, placed no antiseptic or other medication in the incision, closed it with three stitches and a gauze bandage, and sent him home with instructions to return in five days for removal of the stitches.

On March 9, 1961 plaintiff visited the office of a Dr. Hudek and was advised he had an infectious condition in his arm. Treatment for that condition, including penicillin, was given plaintiff by Dr. Hudek, and, immediately *following* this treatment, plaintiff told that doctor what occurred during the surgery in Dr. Satter's office on March 6. Dr. Hudek supplied plaintiff with gauze and bandages.

1. At the close of plaintiff's case, the court dismissed the action as to the hospital defendant.

The district court ruled that the statement made by plaintiff to Dr. Hudek was hearsay and inadmissible *when offered on behalf of plaintiff.* We hold that the court did not err in so doing. Although plaintiff's counsel argue that Wisconsin law permits such a recital to be introduced in evidence as an exception to the hearsay rule, we find no basis for that contention where, *inter alia,* it affirmatively appeared that plaintiff's statement now under consideration was made to Dr. Hudek *after* that doctor had completed his treatment of plaintiff's arm and had instructed him to return to Dr. Satter for any further treatment.

Other contentions advanced by plaintiff are insufficient to justify our reversing the judgment of the district court. That judgment is therefore affirmed.

Judgment affirmed.